IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 5:01-CV-565-BO(2)

LEWIS S. THORP and NANCY Y. THORP,

        Plaintiffs,

v.

CENTURA BANK,

        Defendant.

ORDER

FILED
DEC 13 2001
DAVID W. DANIEL, CLERK
US DISTRICT COURT
E. DIST. N. CAROLINA

80-19, p. 130

This case is before the Court on Plaintiffs' Motion to Remand and Defendants' Motion to Dismiss. Plaintiffs' underlying claims are State law claims of intentional misconduct, gross negligence, and unfair and deceptive trade practices. The Court held a hearing on pending motions on December 6, 2001. All of the issues before the Court have been fully briefed and are therefore ripe for ruling.

## BACKGROUND

In their Complaint, Plaintiffs claim that they took out a mortgage on their residence (the "Residence") in the amount of $166,300. Plaintiffs claim that the National Flood Insurance Act, 42 U.S.C. § 4001 et seq., requires lenders, such as Centura, to compel those who borrow from them to obtain flood coverage in the full amount of their loans. In this case, however, Plaintiffs allege that Centura Bank ("Centura") allowed them to take out a mortgage without requiring them to obtain flood insurance to cover the full amount of the $166,300 loan.

On September 16, 2999, and for a few days thereafter, Plaintiffs' residence was flooded

1

as a result of Hurricane Floyd. Plaintiffs' flood insurance covered only part of the value of their mortgage, however, and thus failed to cover the amount of the loss or the outstanding loan. Plaintiffs claim that, by failing to require them to obtain full flood insurance coverage for the amount of the mortgage, Defendant should be held liable for damages under State law.

Plaintiffs filed their Complaint in this matter in Nash County Superior Court on June 28, 2001. Defendant removed the cause of action to this Court on July 31, 2001, by filing a Notice of Removal in this Court. Defendant then filed a Motion to Dismiss the matter on August 3, 2001. Plaintiffs filed a Motion to Remand the action to state court on August 29, 2001.

## ANALYSIS

### 1. Plaintiffs' Motion to Remand

An action is removable to federal court only if it could have originally been brought in federal court. 28 U.S.C. 1441(a). Moreover, federal courts have jurisdiction over cases that "arise under" federal law, in other words, over "all civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. 1331. And, for a claim "arising under" federal law to establish jurisdiction in the federal courts, the "well-pleaded complaint" rule requires that it be present on the face of the plaintiff's well-pleaded complaint. See Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9-10, 103 S.Ct. 2841, 2846 (1983). Thus, in cases such as the instant case, where there is no diversity jurisdiction, "a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." See id. at 9.

In this case, Plaintiffs' claims all arise under State law. Plaintiffs do not allege a single claim that arises under federal law. In fact, both Plaintiffs and Defendnat agree that there is no

2

private cause of action under federal law to redress the wrongs that Plaintiffs allege in their Complaint. See Def. Memo. In Supp. At 2; Plaint. Resp. At 3 (citing Arvai v. First Federal Sav. & Loan Ass'n, 698 F.2d 683 (4th Cir. 1983) for the proposition that there is no federal private right of action to redress violations of the NFIA that allegedly occurred in this case). Moreover, whether Plaintiffs' allegations satisfy the elements of the State law tort claims named in their Complaint is an issue of state law and does not involve a substantial question of federal law.

Plaintiffs having failed to state a claim arising under federal law, this Court has no original jurisdiction over the instant action. Removal is therefore improper under Section 1441(a) and Plaintiffs' Motion to Remand must be granted.

2. Defendant's Motion to Dismiss

The Court's decision to remand this action to Nash County Superior Court renders moot Defendant's Motion to Dismiss. The Motion to Dismiss is accordingly denied.

CONCLUSION

For all of the foregoing reasons, the Court hereby GRANTS Plaintiffs' Motion to Remand and DENIES Defendant's Motion to Dismiss as moot. This Order has no bearing on Defendant's future opportunity to file a motion to dismiss at the state level.

SO ORDERED.

This /2th day of December, 2001.

Terrence W. Boyle
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE